THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEVEN BARKER, Defendant-Appellant.

Third District   No. 3—93—0502

Opinion filed March 8, 1994.

Kenneth D. Brown, of State Appellate Defender's Office, of Ottawa, for appellant.

Erik I. Blanc, State's Attorney, of Pekin (John X. Breslin and Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE SLATER delivered the opinion of the court:

Defendant, Steven Barker, pleaded guilty and was convicted of the offense of residential burglary (720 ILCS 5/19—3 (West 1992)). Pursuant to plea negotiations, defendant was sentenced to an eight-year term of imprisonment. On March 29, 1993, defendant, through counsel, filed a petition for post-conviction relief in the circuit court of Tazewell County. The court dismissed the petition as "patently without merit," and defendant appeals. For reasons that follow, we reverse.

According to the record on appeal, defendant's petition recited four grounds for post-conviction relief: (1) that the factual basis for finding defendant guilty was insufficient; (2) that defendant's sentence was excessive; (3) that defendant's waiver of a trial and plea of guilty were not voluntary because he was on medication and was threatened by the police; and (4) that defendant did not voluntarily waive his right to a jury trial and did not understand the judge's instruction when he entered his guilty plea. On May 27, 1993, defendant filed a "Motion for Default Judgment" on the ground that more than 30 days had elapsed since the filing of his petition for post-conviction relief and the State had filed no response to it. Defendant requested in the alternative that the cause be set for a hearing on the grounds stated in his petition.

On June 9, 1993, the date set for the hearing on defendant's motion for default judgment, Assistant State's Attorney Kirk Schoenbein appeared for the State, and attorney Spencer Daniels appeared on defendant's behalf. Defendant was not present. Initially, the court summarily denied the motion for default judgment, noting that pursuant to an amendment to section 122—2.1 of the Post-Conviction Hearing Act (725 ILCS 5/122—2.1 (West 1992), as amended eff. Jan. 1, 1993) the court had 90 days to examine defendant's petition and to determine whether it should be dismissed as frivolous or patently without merit.

The court then proceeded to review defendant's petition for post-conviction relief and requested attorney Daniels to further explicate defendant's allegation that an insufficient factual basis had been presented at the proceeding to accept defendant's guilty plea. After hearing defense counsel's argument on the issue, the court invited a response from the State. Assistant State's Attorney Schoenbein argued that the State, relying on the transcript of defendant's grand jury proceedings, had borne its minimal burden sufficient to survive defendant's challenge to the factual basis. The court stated that it agreed with the State's position and found the factual basis to be sufficient.

Continuing, the court announced that it did not find defendant's sentence excessive. With respect to the allegation that defendant's plea was entered involuntarily, the court stated that "any fact that would be alleged would be diametrically opposed to what the defendant stated under oath at the petition for post-conviction relief [sic]." Both defense counsel and the assistant State's Attorney then argued their positions concerning the voluntariness of defendant's guilty plea. The court again concurred with the State's position and concluded, "I see no basis to grant this petition for post-conviction relief, and I think it is apparently [sic] without merit."

In this appeal, defendant argues that the State's premature argument impermissibly tainted the court's independent evaluation of his petition for post-conviction relief as authorized by section 122—2.1 of the Post-Conviction Hearing Act (725 ILCS 5/122—2.1 (West 1992)) and that, as a consequence, the court's judgment denying relief must be reversed and the cause remanded for further proceedings. (See *People v. Merritte* (1992), 225 Ill. App. 3d 986, 589 N.E.2d 190; *People v. Clark* (1992), 239 Ill. App. 3d 546, 605 N.E.2d 1109; *People v. Rutkowski* (1992), 225 Ill. App. 3d 1065, 589 N.E.2d 163.) The State points out that, unlike the cases cited by defendant, in this case defendant was not proceeding *pro se* and had the benefit of counsel both

in the preparation of his petition for post-conviction relief and at the hearing where the State's oral argument was presented. The State suggests that, inasmuch as it was defendant who requested the hearing and responded without objection to the court's inquiries, defendant acquiesced in the purportedly flawed proceeding or invited the error he now complains of and cannot claim prejudice resulting from it.

In our opinion, the State's analysis cannot withstand scrutiny. The Post-Conviction Hearing Act permits the trial court to examine a petition for post-conviction relief and render an independent determination of merit within 90 days of its filing. (725 ILCS 5/122—2.1(a) (West 1992).) If the court determines that the petition is frivolous or "patently without merit" during that period, the court may dismiss the petition without an evidentiary hearing. If, however, the petition is not so dismissed, the court must order the petition docketed for further consideration. (725 ILCS 5/122—2.1(b) (West 1992).) It is only at that point that the State is allowed to advocate against the petition. (725 ILCS 5/122—5 (West 1992).) More importantly, it is only after the court has completed its independent examination of the petition that defendant may have an opportunity to present him/herself and any witnesses in support of allegations in the petition. 725 ILCS 5/122—6 (West 1992).

The State correctly notes that the courts in *Merritte, Clark* and *Rutkowski* found prejudicial error because the State's premature arguments for dismissal of defendants' *pro se* post-conviction petitions were tantamount to *ex parte* hearings. No less prejudice, however, occurred in this case where the court invited premature legal argument from attorneys for both sides before summarily dismissing defendant's petition. By asking the parties to advocate their positions in anticipation of the court's independent preliminary determination of the petition's merit, the court in this case deprived defendant of a valuable opportunity to substantiate the matters alleged in the petition.

This is not a case like *People v. Neal* (1990), 142 Ill. 2d 140, 568 N.E.2d 808, in which post-conviction counsel voluntarily acquiesced in the conduct of a hearing on the State's motion to dismiss without having received the court's ruling on a motion for appointment of an expert. In *Neal*, counsel had had an opportunity to review the State's motion and memorandum of law prior to the date of the hearing, and indicated that he was prepared to proceed on it without further evidence.

By contrast, in the present case, the record establishes that defense counsel was not prepared to proceed with a hearing beyond the motion for default judgment. When asked about the allegation that the factual basis was insufficient, counsel stated that he had not had a copy of the transcript of proceedings accepting defendant's guilty plea when he filed the petition. Counsel asked to see it. The court then directed counsel's attention to certain pages of the transcript and affirmatively solicited counsel's argument in support of the allegations in the petition. Counsel proceeded to argue defendant's position based on the transcript, but had no opportunity to present supporting evidence outside the record. In our opinion, the fact that the court had questions about the basis for defendant's allegations in the petition belies the State's contention that the procedure was not unfair to the defendant. Obviously, the court was unprepared to dismiss defendant's petition pursuant to subsection 122—2.1(a) without input from the participants. By statute, the court's only proper recourse was to docket the cause and give further consideration as provided in subsection 122—2.1(b). Having failed to do so, the court committed reversible error.

We reverse the judgment of the circuit court of Tazewell County dismissing defendant's petition for post-conviction relief and remand for further proceedings.

Reversed and remanded.

LYTTON and STOUDER, JJ., concur.