THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN L. SWANSON, Defendant-Appellant.

Second District    No. 2—94—0114

Opinion filed November 17, 1995.

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellant.

Anthony M. Peccarelli, State's Attorney, of Wheaton (William L. Browers and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE THOMAS delivered the opinion of the court:

The defendant, John L. Swanson, appeals from an order of the circuit court of Du Page County dismissing his petition for post-conviction relief as patently without merit. We reverse.

The defendant pled guilty to one count of aggravated criminal sexual assault. After hearing a factual basis for the plea, the trial court accepted the plea and sentenced the defendant to 18 years in prison. Thereafter, the defendant's court-appointed counsel informed the court that the defendant wanted counsel to file a notice of appeal. Defense counsel then filed a motion to reconsider the defendant's sentence. When defense counsel failed to appear on the date of the hearing scheduled on the motion to reconsider the sentence, the case was taken off the call. No notice of appeal was ever filed on behalf of the defendant.

On October 5, 1993, the defendant filed a *pro se* petition for post-conviction relief pursuant to the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122—1 *et seq.* (West 1994)), alleging that he was denied the effective assistance of counsel because his appointed counsel failed to file a notice of appeal. To his petition, the defendant attached affidavits stating that he had requested that his attorney file a notice of appeal and that the attorney had agreed to do so. The trial court dismissed the defendant's petition, finding that it was patently without merit.

On review from that decision, the defendant argues that the trial court erred in dismissing his post-conviction petition where he had been effectively denied the right to appeal. We agree.

■ Section 122—1 of the Act provides that a person imprisoned in the penitentiary who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under

the constitution of the United States or of Illinois, or both, may institute a proceeding under the Act. (725 ILCS 122—1 (West 1994).) The right to appeal a criminal conviction is fundamental and is guaranteed by the Illinois Constitution of 1970 (Ill. Const. 1970, art. VI, § 6). *People v. Perez* (1983), 115 Ill. App. 3d 446, 451.

In both *Perez* and *People v. Scott* (1986), 143 Ill. App. 3d 540, court-appointed defense counsel failed to file a notice of appeal on behalf of the defendant. In both cases, the court found that the defendant was deprived of his right to appeal and denied the effective assistance of counsel. While noting that it was not the usual remedy provided in a post-conviction proceeding, both courts found that under the circumstances the proper relief to be granted was to allow the defendant to file a late notice of appeal. *Perez*, 115 Ill. App. 3d at 451; *Scott*, 143 Ill. App. 3d at 542.

■ We find *Perez* and *Scott* dispositive of the outcome in the instant case. Here, the defendant was completely denied his right to appeal by the ineffectiveness of his defense counsel. He was also denied a hearing on his motion to reconsider sentence due to his counsel's neglect. Accordingly, we find that the cause must be remanded to allow the defendant to file a motion to reduce sentence or any other post-judgment motion that could have been filed within 30 days from the date the trial court entered its order sentencing the defendant. The defendant should also be afforded the opportunity to appeal from an adverse ruling on any post-judgment motion that he files.

The State argues that if the issue the defendant intends to raise that underlies the ineffectiveness-of-counsel claim does not rise to constitutional dimensions then that underlying issue should not be cognizable under the Act. The State also suggests that to prevail on his petition, the defendant had to show that he was prejudiced by the lack of an appeal under the standards enunciated in *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052.

We disagree with both of the State's propositions. *Perez* and *Scott* make it clear that, when a defendant is deprived of his right to appeal by a court-appointed attorney who fails to file a notice of appeal, the proper remedy is to allow a late notice of appeal to be filed. The restraints limiting what is normally cognizable under the Act are not applicable in such a case. Moreover, the plaintiff need not show prejudice other than that his right to appeal was denied. As our supreme court noted in *People v. Moore* (1990), 133 Ill. 2d 331:

> "[A] criminal defendant must at some point be afforded the equivalent of direct review and an appellate advocate; a court cannot deny a defendant an attorney-assisted appeal by examining the

record and determining that defendant would not have succeeded on appeal in any event. [Citation.] *Strickland* \*\*\* cannot be applied where a defendant is effectively denied appellate counsel; in such an instance prejudice is presumed to have resulted. [Citation.] Although a post-conviction proceeding can, and should, be utilized in certain circumstances as a remedy for a lost right of appeal, where it is used, no showing of prejudice is required where counsel failed to perfect defendant's appeal. Prejudice is presumed." *Moore*, 133 Ill. 2d at 339.

For the foregoing reasons, we reverse the order of the circuit court of Du Page County which dismissed the defendant's post-conviction petition, and we remand the cause for further proceedings consistent with this opinion. On remand, the defendant must be allowed to file a motion to reduce sentence or any other post-judgment motion that could have been filed within 30 days from the date the trial court entered its order sentencing the defendant. The defendant should also be allowed to appeal from an adverse ruling on any post-judgment motion that he files.

Reversed and remanded.

McLAREN, P.J., and GEIGER, J., concur.