THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. DANIEL COLE, Petitioner-Appellant. '

First District (4th Division)    No. 1—95—1710

Opinion filed March 20, 1997.

Michael J. Pelletier and Manuel S. Serritos, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Alan J. Spellberg, and Arnold H. Park, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNAMARA delivered the opinion of the court:

Defendant Daniel Cole appeals from an order of the circuit court of Cook County dismissing his petition for post-conviction relief as patently without merit.

On October 1, 1991, defendant withdrew his plea of not guilty and pled guilty to first-degree murder. He was sentenced to a term of 22 years. Prior to accepting his guilty plea, the trial court admonished defendant in detail of his rights and the consequences of changing his plea. Included were the admonition as to defendant's right to appeal and the fact that the plea agreement called for a prison sentence of 22 years.

The State presented a factual basis for the plea by way of a stipulation. At approximately 2 a.m. on May 29, 1990, Fatima Lindsey was with her boyfriend, Marvin Ousley. Ousley played a game of dice with defendant, and the two men became engaged in an argument over money. Defendant produced a shotgun and shot Ousley once in the stomach. Ousley was taken to a hospital and was pronounced dead. Neither a motion to withdraw the guilty plea nor a notice of appeal was ever filed.

On April 27, 1993, defendant filed a *pro se* petition for post-conviction relief pursuant to the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122—1 *et seq.* (West 1992)). He alleged that he was denied the effective assistance of counsel. Defendant stated (1) that he had asked defense counsel to withdraw the guilty plea but that counsel failed to do so, and (2) that he had been misled by his counsel, believing that there had been an undisclosed promise of a 12-year term of imprisonment, not a 22-year term. Both allegations were supported by his own affidavit and the affidavit of his grandmother. The trial court granted the State's motion to dismiss the petition as being patently without merit.

On appeal, defendant contends that the trial court erred in dismissing his post-conviction petition where he was effectively denied the right to appeal. We agree.

We deem it necessary to consider only defendant's claim that his

counsel failed to withdraw his guilty plea or file a notice of appeal despite defendant's request that it be done.

■ To sustain a claim of ineffective counsel, the court must find two components: deficiency and prejudice. *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). No showing of prejudice, as mandated by *Strickland*, is required where counsel failed to perfect defendant's appeal. In such cases, prejudice is presumed. *People v. Moore*, 133 Ill. 2d 331, 549 N.E.2d 1257 (1990); *People v. Hernandez*, 283 Ill. App. 3d 312, 669 N.E.2d 1326 (1996). Defendant must still satisfy the first prong of *Strickland*, that counsel's performance in failing to perfect an appeal was deficient. To establish that, defendant must allege that he communicated to counsel a desire to appeal. *People v. Hernandez*, 283 Ill. App. 3d 312, 669 N.E.2d 1326. This, defendant has done.

■ Defendant stated in his petition that after being misled by counsel, he was not satisfied and wanted to appeal. Defendant further claimed that he received assurances from counsel that he would file a timely notice of appeal or a motion to vacate the plea. Defendant's grandmother's affidavit averred that she was present when counsel gave these assurances. After an extended period of time, defendant contacted the appellate court and learned that no appeal had ever been filed on his behalf. We believe that defendant made a substantial showing of a constitutional deprivation of the effective assistance of counsel and that the trial court erred in dismissing his petition without an evidentiary hearing.

In *People v. Swanson*, 276 Ill. App. 3d 130, 657 N.E.2d 1169 (1995), this court held that the trial court erred in dismissing defendant's post-conviction petition where the defendant had attached affidavits stating he had requested that his attorney file a notice of appeal but that his attorney failed to do so.

In so holding, *Swanson*, 276 Ill. App. 3d at 132-33, 657 N.E.2d at 1171, quoted from *People v. Moore*, 133 Ill. 2d at 339, 549 N.E.2d at 1261:

> " '[A] criminal defendant must at some point be afforded the equivalent of direct review and an appellate advocate; a court cannot deny a defendant an attorney-assisted appeal by examining the record and determining that defendant would not have succeeded on appeal in any event. [Citation.] *Strickland* *** cannot be applied where a defendant is effectively denied appellate counsel; in such an instance prejudice is presumed to have resulted. [Citation.] Although a post-conviction proceeding can, and should, be utilized in certain circumstances as a remedy for a lost right of appeal, where it is used, no showing of prejudice is required where

counsel failed to perfect defendant's appeal. Prejudice is presumed.' "

Accordingly, we find that the trial court erred in dismissing defendant's petition without conducting a hearing.

For the foregoing reasons, the order is reversed, and the matter is remanded with directions to conduct a hearing to determine the truth or falsity of defendant's affidavits and possible further proceedings.

Reversed and remanded.

WOLFSON, P.J., and CERDA, J., concur.