THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT ANDERSON, a/k/a Martinez Moore, Defendant-Appellant.

First District (6th Division)   No. 1—95—0847

Opinion filed March 21, 1997.—Modified on denial of rehearing May 23, 1997.

ZWICK, J., dissenting.

Michael J. Pelletier and Manuel S. Serritos, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Celeste Stewart Stack, and Scott L. Clark, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE GREIMAN delivered the opinion of the court:

Defendant Robert Anderson, a/k/a Martinez Moore, appeals the trial court's dismissal of his *pro se* petition for postconviction relief as frivolous and patently without merit. Defendant previously had pled guilty to one count of home invasion and received an eight-year sentence to be served consecutively with the sentence from another, unrelated conviction.

Two issues are raised on appeal: (1) whether the statements made by the prosecutor during the dismissal proceeding constitute reversible error; and (2) whether defendant's *pro se* petition for postconviction relief sufficiently established a claim of ineffective assistance of counsel for failure to withdraw defendant's guilty plea.

We affirm.

On June 11, 1993, defendant was charged by a six-count indictment that included the offense of home invasion from an incident that occurred on May 30, 1993. The charges stated that defendant, armed with a baseball bat, entered the residence of Leanya Letcher, threatened the imminent use of force against her, and struck her in the head with a baseball bat.

On November 18, 1994, defendant pled guilty to the home invasion charge. At the guilty plea hearing, defendant was represented by private counsel. Defendant's attorney stated to the court that "[w]e have conveyed to [defendant] the result of the continuation of the [Rule] 402 conference" and defendant decided to enter a plea of guilty. The trial court advised defendant of the charges against him, the applicable sentencing range (6 to 30 years), other possible penalties (such as a fine up to $10,000), his right to a trial by jury, and other attendant legal rights, such as the right to remain silent and confront the witnesses against him. After defendant stated that he understood these rights, defendant presented his jury waiver and continued in his plea of guilty.

Defendant further agreed that he was entering his plea of guilty freely and voluntarily, that no one had threatened or forced him to plead guilty, and the recommended sentence would be eight years in prison. The State then submitted the factual basis for the charged offense and defendant stipulated to the factual basis of the charge.

The trial court accepted defendant's plea of guilty and the recommended eight-year sentence. The trial court advised defendant of his appeal rights as follows:

> "I want to advise you, Mr. Moore, that you have a right to appeal the decision of this court. In order to perfect that right you must file within 30 days a notice of appeal. That must be in writing and signed by you.
>
> If you are indigent a free copy of the transcript will be provided, also an attorney.
>
> Any point not set out in your motion to vacate your plea of guilty will be deemed waive[d]."

Defendant stated that he understood the trial court's instructions.

On January 26, 1995, defendant filed a *pro se* petition for postconviction relief and a motion for appointment of counsel. In his petition, defendant averred that he was denied effective assistance of counsel because his counsel (1) failed to withdraw his guilty plea upon defendant's request and (2) failed to file a motion to suppress defendant's confession on the grounds that it was involuntary and coerced. Regarding his desire to withdraw his guilty plea, defendant stated that he "did inform counsel he wanted to withdraw his guilty

plea and was informed counsel didn't think it was prudent." Defendant also alleged that about three weeks after pleading guilty, he had sent his attorney a letter stating that he wanted to withdraw his guilty plea and he "did not receive any reply from counsel." No affidavits or supporting documents were attached to the petition.

On February 1, 1995, the trial court denied defendant's postconviction petition. At the proceeding, the trial court recounted defendant's guilty plea and sentence, acknowledged receipt of the documents filed by defendant, and noted the specific allegations in the petition. The trial court observed that neither a motion to withdraw his plea of guilty nor an appeal had been filed and ruled that defendant "has waived any matters which could have properly been brought by way of filing a motion to vacate or in the alternative a notice of appeal." The trial court further stated that the points raised by defendant "are in fact supported by an affidavit, that it is his affidavit," and there are no additional affidavits to support his contentions. The following exchange then occurred between the assistant State's Attorney and the court:

"MR. BYRNE [Assistant State's Attorney]: Judge, just also I recall the case as well as I don't know what the defendant's affidavit specifically states but I remember him being represented by very able, competent counsel.

THE COURT: Yes, he was, by several private attorneys.

MR. BYRNE: Mr. Wolff and Mr. Hickey.

THE COURT: Not only Mr. Wolff and Mr. Hickey and Mr. Nemzin, that firm represented him.

Let me see. Well, the affidavit is just the affidavit, he was read the foregoing by him, subscribing the same is true and correct.

So most respectfully his postconviction petition will be denied. That will be the order."

On appeal, defendant first asserts that the statements made by the assistant State's Attorney at the postconviction proceeding were patently improper and, therefore, the summary dismissal order should be reversed and the cause should be remanded for further postconviction proceedings. Defendant maintains that (1) the prosecutor's remark "I don't know what the defendant's affidavit states" was an impermissible observation directed at the sufficiency of the claim; and (2) the prosecutor's remark "I remember him being represented by very able, competent counsel" was an impermissible opinion meant as a candid contradiction to defendant's assertion of ineffective assistance of counsel.

The State contends that the comments made by the assistant State's Attorney were incidental and had no effect on the decision of

the trial court. The State maintains that the first challenged statement ("I don't know what the defendant's affidavit states") indicates that the prosecutor had not even seen the petition, let alone argued its merits. The State submits that in the second challenged statement ("I remember him being represented by very able, competent counsel. *** Mr. Wolff and Mr. Hickey"), the prosecutor was merely reminding the judge of the identity of defendant's trial counsel, that such information was a matter of record and not a comment on the merits of the petition. The State further argues that the trial court's statements demonstrate that it dismissed the petition based upon the trial court's independent review of the petition and opinion of its merits.

■ The Post-Conviction Hearing Act (the Act) establishes a three-step process for adjudication of a petition for postconviction relief. 725 ILCS 5/122—1 *et seq.* (West 1994). The court must first determine whether the petition is frivolous or is patently without merit. 725 ILCS 5/122—2.1(a)(2) (West 1994). If the petition is found to be frivolous or patently without merit, the court may summarily dismiss the petition. 725 ILCS 5/122—2.1(a)(2) (West 1994). Second, if the petition is not summarily dismissed, then the court may appoint counsel to represent an indigent defendant. 725 ILCS 5/122—4 (West 1994). Counsel may amend the postconviction petition and the State may then move to dismiss the petition. 725 ILCS 5/122—5 (West 1994). The third stage provides for an evidentiary hearing at the discretion of the trial court. 725 ILCS 5/122—6 (West 1994). On review of matters decided under the Act, the trial court's determinations will not be disturbed unless manifestly erroneous. *People v. Whitehead,* 169 Ill. 2d 355, 365 (1996).

■ The present case was summarily dismissed and, therefore, did not advance beyond the first stage. At the first stage, "the circuit court considers the petition independently, without any input from either side." *People v. Gaultney,* 174 Ill. 2d 410, 418 (1996). Where the trial court dismisses a postconviction petition in the first stage, reversal on appeal "is required where the record shows that the circuit court sought or relied on input from the State when determining whether the petition is frivolous." *Gaultney,* 174 Ill. 2d at 419. Where the record shows no such indication, we must presume that the trial judge acted properly. *Gaultney,* 174 Ill. 2d at 420.

In *Gaultney,* the supreme court affirmed the dismissal of the defendant's postconviction petition as frivolous and patently without merit. The State in *Gaultney* filed a motion to dismiss even though such filing is premature and improper at the first stage. The supreme court held that "[t]he mere early filing of a motion or responsive

pleading by the State, however, does not *per se* contaminate the circuit court's determination pursuant to section 122—2.1" because the premature filing of such motion "does not prevent the circuit court from independently evaluating whether a postconviction petition is frivolous or patently without merit." *Gaultney,* 174 Ill. 2d at 419, citing *People v. Mitchell,* 218 Ill. App. 3d 401 (1991). The supreme court rejected the defendant's argument that the circuit court's order demonstrated reliance on the State's motion to dismiss. *Gaultney,* 174 Ill. 2d at 420.

The supreme court in *Gaultney* expressly agreed with the approach of prior appellate decisions in determining whether or not the trial judge's independent evaluation was tainted at the first stage of a postconviction petition proceeding. *Gaultney,* 174 Ill. 2d at 420. With *Gaultney* in mind, defendant relies on six cases which held that the trial court improperly considered matters or arguments outside the postconviction petition in determining whether the petition would be summarily dismissed as frivolous or patently without merit: *People v. Oury,* 259 Ill. App. 3d 663 (1994); *People v. Barker,* 258 Ill. App. 3d 323 (1994); *People v. Rutkowski,* 225 Ill. App. 3d 1065 (1992); *People v. Merritte,* 225 Ill. App. 3d 986 (1992); *People v. Novak,* 200 Ill. App. 3d 189 (1990); and *People v. Brothers,* 179 Ill. App. 3d 788 (1989).

After the defendant in *Oury* filed a *pro se* postconviction petition, the trial court granted the defendant leave to sue as a poor person and appointed the public defender to represent her. The State filed a motion to strike the defendant's petition, asserting that it was lacking form and substance. The record revealed that the trial "court expressed its preference to decide with the benefit of counsel's argument whether the petition was frivolous or patently without merit. *** [A]fter hearing the arguments of the State and of appointed defense counsel, the court granted the State's motion to strike and dismissed the petition as frivolous and patently without merit under section 122—2.1(a) of the Act." *Oury,* 259 Ill. App. 3d at 666.

In *Barker,* the trial court committed reversible error in summarily dismissing the defendant's postconviction petition where it "invited premature legal argument from attorneys for both sides before summarily dismissing defendant's petition" and asked "the parties to advocate their positions in anticipation of the court's independent preliminary determination of the petition's merit." *Barker,* 258 Ill. App. 3d at 326.

The defendant in *Rutkowski* filed a second amended postconviction petition *pro se.* At the first hearing, the "State argued that defendant had not presented an affidavit to prove that a psychiatrist,

who testified at defendant's trial, was not properly licensed." *Rutkowski*, 225 Ill. App. 3d at 1067. Two days later the trial court dismissed the defendant's postconviction petition as being frivolous and without merit. The appellate court held that "[t]he record reflects that the trial court considered the State's arguments" from two days prior to its rendering its decision. *Rutkowski*, 225 Ill. App. 3d at 1067.

In *Merritte*, the summary dismissal of the defendant's *pro se* postconviction petition was reversed where the State orally moved to dismiss the petition and presented arguments in support of its position, and the trial court specifically found the petition to be frivolous and patently without merit "based on the reasons stated by Counsel in his argument and based on the further statement by the Court." *Merritte*, 225 Ill. App. 3d at 986. The appellate court reversed the dismissal, finding that "the State argued its motion to dismiss at length before the court" and "the court specifically stated that the dismissal of the postconviction petition was based, at least in part, on the reasons presented by the State in its oral argument." *Merritte*, 225 Ill. App. 3d at 987.

In *Novak*, the State conceded that the summary dismissal of the defendant's *pro se* postconviction petition was error where the State filed a motion to dismiss and the court proceeded to dismiss the petition pursuant to the State's motion. *Novak*, 200 Ill. App. 3d at 190-91.

During the hearing on the defendant's petition in *Brothers*, the trial court asked the State to address the issue of whether defendant was entitled to be represented by counsel during these proceedings. After its response, the State was "allowed to argue that the alleged constitutional violation raised in defendant's petition was meritless and the petition should be dismissed." *Brothers*, 179 Ill. App. 3d at 789. Defendant made no response. The trial court continued the matter and appointed the public defender's office to represent defendant. After the public defender stated that her appointment was tantamount to finding that the defendant's petition was not frivolous, the trial court ruled "for the reasons that the State's Attorney has indicated, the petition on its face does not set forth substantive reasons to justify the granting of the postconviction relief ***. *** I am going to go ahead and grant the State's motion to dismiss [defendant's] petition for postconviction relief." *Brothers*, 179 Ill. App. 3d at 790.

Unlike the above cases, which found improper participation by one or both of the parties, the trial court, in the present case, did not request or invite or seek to entertain, in any way, input or argument from either party. Moreover, the trial court did not state or even

imply that its ruling was based, in any way, on the State's comments. Furthermore, the State made no motions, either written or oral.

In *Gaultney*, the supreme court held that "reversal is required where the record shows that the circuit court sought or relied on input from the State when determining whether the petition is frivolous." *Gaultney*, 174 Ill. 2d at 419. In the present case, the transcript establishes that the trial court had clearly read and considered defendant's petition, determined that certain issues were waived, and decided to summarily dismiss the petition independent of any input by the State. The State expressly acknowledged that it did not know the contents of defendant's petition but recalled the identity of the defense counsel. The trial court restated the names of defense counsel and, in fact, included one more name. While we believe that the State's characterization of the attorneys' reputations as "very able" and "competent" should have been left unspoken, we find that those comments did not contaminate the trial court's independent decision-making ability. To hold that the trial judge's decision was less than independent based on the record here insults the ability of the trial court to distinguish between uninvited, incidental remarks of the State and the substantive legal matters raised in the petition. Moreover, counsel's competency, as acknowledged by the State, related to in-court conduct while the petition complained of counsel's conduct outside the record and subsequent to the trial.

Next, defendant addresses the merits of his petition and asserts that his *pro se* postconviction petition sufficiently raised the claims that (1) he received ineffective assistance of counsel because his counsel failed to act on his desire to withdraw his guilty plea and thereby failed to perfect an appeal; and (2) the guilty plea proceedings were defective. Defendant urges this court to overlook the absence of any affidavit attached to the petition, to look beyond the language of the petition, and to infer an unstated claim for failure to perfect an appeal from the stated claim of failure to withdraw his guilty plea.

▇ To determine the sufficiency of the claims now advanced by defendant, we are instructed by the Act and case law regarding waiver, the need to attach an affidavit or supporting documents to a postconviction petition, and the standard to apply to the summary dismissal stage of postconviction proceedings.

Section 122—3 of the Act provides that "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122—3 (West 1994). Relying on this statutory provision, the Illinois Supreme Court held that an argument not raised in a postconviction petition will not be

considered on review and is deemed waived. *Gaultney*, 174 Ill. 2d at 422-23; see also *People v. Guest*, 166 Ill. 2d 381, 405 (1995).

The Act also dictates that a postconviction proceeding will be commenced by the filing of "a petition *** verified by affidavit." 725 ILCS 5/122—1 (West 1994). "[O]ur courts have specifically held that the absence of affidavits, records or other evidence in support of the postconviction petition renders the petition insufficient to require an evidentiary hearing." *People v. Johnson*, 154 Ill. 2d 227, 240 (1993) (and cases cited therein); *People v. Seaberg*, 262 Ill. App. 3d 79, 82 (1994) ("the allegations of a postconviction petition must be supported by the record in the case or accompanying affidavits").

To withstand dismissal of a postconviction petition at the first stage, "a petition need only present the gist of a constitutional claim." *Gaultney*, 174 Ill. 2d at 418 (summary dismissal affirmed); *People v. Brown*, 169 Ill. 2d 94, 101 (1995) (summary dismissal affirmed). While our courts recognize that a *pro se* defendant cannot be expected to draft a petition as artfully as would counsel and need not construct legal arguments or cite legal authority, such petitioner is required to present the gist of his claim in a sufficient manner for the trial court to make an initial determination as to whether the claim is frivolous or patently without merit. *People v. Porter*, 122 Ill. 2d 64, 74 (1988); *People v. Lemons*, 242 Ill. App. 3d 941, 946 (1993). Notwithstanding the relaxed standard applicable to a postconviction petition at the first stage, a *pro se* defendant must still plead sufficient facts from which a valid constitutional claim could be found. *Lemons*, 242 Ill. App. 3d at 946; see also *People v. Hernandez*, 283 Ill. App. 3d 312, 316 (1996) ("courts closely scrutinize postconviction petitions to determine whether they contain sufficient *facts* from which the trial court could find a valid claim of deprivation of a constitutional right") (emphasis in original).

■ First, defendant asserts, as specifically stated in his appellate brief, "the trial court's dismissal of [defendant's] *pro se* postconviction petition must be reversed because the petition raised the nonfrivolous constitutional claim that he received the ineffective assistance of counsel at trial where counsel failed to perfect [his] appeal, that is, after [he] informed counsel that he desired to withdraw his plea of guilty, counsel did nothing."

To establish a claim for ineffective assistance of counsel, a two-pronged test applies: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that defendant was prejudiced by counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). In a postconviction matter, no showing of

prejudice is required where counsel failed to perfect the defendant's appeal. *People v. Moore*, 133 Ill. 2d 331, 339 (1990); *People v. Cole*, 287 Ill. App. 3d 147, 149 (1997); *Hernandez*, 283 Ill. App. 3d at 317. Notwithstanding the presumption of prejudice in such a case:

> "the mere allegation that counsel failed to perfect an appeal is not enough. Defendant must still satisfy the first prong of *Strickland, i.e.*, that counsel's performance in failing to perfect an appeal was deficient. In order to establish deficient performance, defendant must allege that he communicated to counsel a desire to appeal [citations], or at least satisfactorily explain why he did not request an appeal earlier." *Hernandez*, 283 Ill. App. 3d at 318.

■ The instant defendant's postconviction petition does not allege that counsel failed to perfect an appeal, does not allege that he communicated to counsel a desire to appeal, and does not offer any explanation why he did not request an appeal earlier. Instead, defendant alleged that he "did not want to accept the guilty plea and asked his attorney to withdraw his plea and prepare the case for trial." All we have is defendant's bare and unsubstantiated allegation that he informed counsel that he wanted to withdraw his guilty plea. Defendant first stated that he "did inform counsel he wanted to withdraw his guilty plea and was informed counsel didn't think it was prudent." Defendant also claimed to have written counsel a letter to inform him of his desire to withdraw his guilty plea but received no reply. Not only are these allegations inconsistent, they also lack any supporting documents, such as the alleged letter written by defendant.

The cases on which defendant relies (*Cole, Hernandez*, and *Swanson*) are distinguishable because the postconviction petitions at issue included the allegation that the defendant wanted to appeal and attached affidavits. In *Cole*, the defendant attached two affidavits to his *pro se* postconviction petition and "stated in his petition that after being misled by counsel, he was not satisfied and *wanted to appeal*." (Emphasis added.) *Cole*, 287 Ill. App. 3d at 149. In *Hernandez*, the defendant attached affidavits to his *pro se* petition for postconviction relief, alleged that counsel had a duty to perfect an appeal, and offered an explanation regarding the reasons for not requesting an appeal earlier. *Hernandez*, 283 Ill. App. 3d at 315, 318. In *Swanson*, the defendant attached affidavits to his *pro se* postconviction petition and alleged "that he was denied the effective assistance of counsel because his appointed counsel failed to file a notice of appeal." *Swanson*, 276 Ill. App. 3d at 131. In contrast to *Cole, Hernandez*, and *Swanson*, the instant defendant did not attach any affidavits or any supporting documents to his petition, and did not mention an appeal in his postconviction petition.

Under the Act defendant has waived this issue for failure to include it in his petition. In addition, defendant failed to attach any affidavit or supporting documents to support such a claim as required under the Act. Moreover, even under the most relaxed standard, an *unstated* claim should not and cannot suffice to withstand summary dismissal. To hold that the petition at issue in the present case triggers an evidentiary hearing would effectively mean that any petition can. Such principle defies the Act.

■ Second, defendant asserts that the guilty plea proceeding was defective because the trial court did not sufficiently apprise him of the sentencing alternatives and his appellate rights. Under the Act, this issue is waived because defendant made no mention of it in his petition. Moreover, the Illinois Supreme Court has held that where a defendant fails to allege in his postconviction petition that the guilty plea proceeding was defective in some way, the issue is waived when first raised on appeal. *People v. Williams*, 52 Ill. 2d 466, 468 (1972) (where he failed to present the allegation in his postconviction petition, the defendant could not advance, on appeal, the claim that the admonition given him by the trial judge before accepting his guilty plea was inadequate); *People v. Barber*, 51 Ill. 2d 268 (1972) (the defendant waived review of his contention that his plea of guilty was not knowingly and voluntarily entered because he failed to raise it in his original petition) (and cases cited therein). The failure to attach an affidavit or supporting documents to the petition would not necessarily be fatal to this issue because we have the record of the guilty plea proceeding before us. Even assuming that we ignore the waiver rule, apply the exception to the affidavit requirement, and reach the merits, we find that the transcript of the guilty plea proceeding reveals that all requisite admonishments were given by the trial court.

For all the foregoing reasons, the trial court's dismissal of defendant's postconviction petition as frivolous or patently without merit was not manifestly erroneous.

Affirmed.

THEIS, J., concurs.

JUSTICE ZWICK, dissenting:

I disagree with the majority's conclusion that the trial court considered defendant's petition and dismissed it independent of any input by the State.

The decision *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996),

unequivocally mandates that, prior to summarily dismissing a *pro se* postconviction petition, the trial court is obligated to consider "the petition *independently, without any input from either side.*" (Emphasis added.) Reversible error is established if the circuit court sought or relied upon input from the prosecution in determining whether the petition was frivolous. See *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996).

In the case *sub judice*, the thrust of the defendant's petition was the allegation that he was deprived of effective assistance of counsel. The prosecutor stated to the court in opposition to the petition that defendant was represented at trial by "very able, competent counsel." This statement directly contradicted defendant's claim of ineffective assistance of counsel. The majority holds that because this comment was "uninvited" and "incidental," it did not contaminate the proceedings. I cannot agree. Whether uninvited and incidental or deliberate and calculated, the effect of the prosecutor's statement is the same. It serves to destroy the independence of the judicial evaluation. The court was duty bound to examine the petition free from any input by either side. The prosecution is expressly precluded from any participation at this stage of the proceedings. Accordingly, a comment by the prosecutor that challenges the very core of defendant's argument is patently improper and cannot be excused merely by characterizing it as inadvertent or incidental. Whether deliberate or unintended, the prosecutor's comment was a dagger thrust to the heart of defendant's claim. The fact that the court did not solicit the comment or expressly indicate its reliance thereon does not justify the inappropriate conduct. In my view, this comment was not an incremental intrusion of little significance, but a strategic attack by the prosecution.

The trial court, upon hearing the gratuitous comments by the prosecutor, should have declared the postconviction equivalent of a mistrial and transferred the cause to a different judge. At the very most, this result would necessitate the expenditure of a few additional hours of judicial resources. To me, it is a small price to pay to protect the defendant's constitutional rights and the integrity of the process.

For the above reasons, I would reverse and remand with directions that the *pro se* petition be examined by a different judge.