THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONALD EDWARDS, Defendant-Appellant.

Fourth District    No. 4—98—0346

Opinion filed June 30, 1999.

Daniel D. Yuhas and Robert N. Markfield, both of State Appellate Defender's Office, of Springfield, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and James C. Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

In July 1997, the State charged defendant Donald Edwards with one count of unlawful possession of a controlled substance (720 ILCS 570/402(a)(2)(A) (West 1996)). In October 1997, the State charged defendant with a second count, unlawful possession with intent to deliver a controlled substance (720 ILCS 570/401(c)(2) (West 1996)). While a jury was present and ready to give defendant a jury trial, defendant announced he wanted to plead guilty. In exchange for pleading guilty to count II, the State dropped count I and recommended no more than six years in the Department of Corrections (DOC). Defendant was admonished of all his rights and gave up the right to a presentence report. The following exchange took place:

"THE COURT: Then you understand if you go today you're giving up you[r] right to a presentence report, and the sentence will, if I support the agreement, be six years in the penitentiary and a fine of $500.00 plus court costs. You understand that?

DEFENDANT: [Nods head up and down].

THE COURT: Now is that what you want to do?

DEFENDANT: Yeah.

THE COURT: Are you sure?

DEFENDANT: [Nods head up and down].

THE COURT: All right. And is this consistent with your advice to and your understanding of Mr. Edwards' wishes, Ms. Lenik?

MS. LENIK [(defense counsel)]: It is."

Accordingly, defendant was sentenced to six years' imprisonment.

In February 1998, defendant filed a *pro se* petition for postconviction relief. Defendant alleged numerous constitutional violations, including that he received ineffective assistance of counsel. Defendant claimed his attorney refused to file a motion to withdraw his guilty plea to perfect defendant's appeal. Defendant's petition stated:

"I requested to [attorney] Lenik to file an appeal, after the Judge [DeLaMar] explained to me that I could do so. [Attorney] Lenik stated in regard to the appeal, *quote* [*sic*] On what grounds? *unquote* [*sic*] [Attorney] Lenik had taken it or decided for herself not to file an appeal, in spite of my numerous request [*sic*] to. She ([Attorney] Lenik) also became totally unavailable in regard to the case in spite of the repeated calls by my wife on my behalf."

The petition also claimed his attorney failed to subpoena certain witnesses that he requested and she showed a lack of interest in his case.

The trial court denied defendant's petition as frivolous and patently without merit. The court stated:

"[I]t would appear that the Petitioner cannot just make the bare allegation that he requested counsel to file a motion to withdraw his plea. The Petitioner must show prejudice."

Defendant appeals, arguing the trial court erroneously dismissed his postconviction petition. Defendant argues the mere allegation that his attorney refused to perfect his appeal was sufficient to withstand dismissal and defendant did not have to show prejudice.

■ The Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 1996)) provides a remedy to a criminal defendant who claims that a substantial violation of his constitutional rights occurred in the proceedings that resulted in his conviction. *People v. Brisbon*, 164 Ill. 2d 236, 242, 647 N.E.2d 935, 937 (1995). In the first stage of postconviction proceedings, the defendant files a petition and the trial court determines whether it is frivolous or patently without merit. To survive dismissal at this stage, the petitioner only needs to assert the gist of a constitutional claim. *People v. Gaultney*, 174 Ill. 2d 410, 418, 675 N.E.2d 102, 106 (1996). We use the *de novo* standard of review for the summary dismissal of a postconviction petition. *People v. Coleman*, 183 Ill. 2d 366, 387-88, 701 N.E.2d 1063, 1075 (1998).

■ To sustain a claim of ineffective counsel, defendant must show (1) his attorney's performance fell below an objective standard of reasonableness (*Strickland v. Washington,* 466 U.S. 668, 688, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984)), and (2) a reasonable probability exists that defendant was prejudiced by the deficient performance (*Strickland,* 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068). In *People v. Wilk,* 124 Ill. 2d 93, 108, 529 N.E.2d 218, 223 (1988), our supreme court held that both prongs of *Strickland* are applied in a postconviction proceeding where a defendant alleges he has been deprived of his right to appeal by counsel's failure to file a motion to withdraw a guilty plea. *Wilk* held the defendant still must show how he was *prejudiced* by his attorney's neglect. *Wilk,* 124 Ill. 2d at 108, 529 N.E.2d at 223-24.

However, in *People v. Moore,* 133 Ill. 2d 331, 339, 549 N.E.2d 1257, 1261 (1990), the supreme court seemed to depart from *Wilk.* In *Moore,* the defendant was convicted after trial and his appeal was dismissed for want of prosecution due to his counsel's neglect (resulting in the attorney's suspension). The court held that the prejudice prong of the *Strickland* test is not required where counsel failed to perfect defendant's appeal. "[A] criminal defendant must at some point be afforded the equivalent of direct review and an appellate advocate; a court cannot deny a defendant an attorney-assisted appeal by examining the record and determining that defendant would not have succeeded on appeal in any event." *Moore,* 133 Ill. 2d at 339, 549 N.E.2d at 1261. Where a postconviction petition is used as a remedy for a lost right of appeal, prejudice is presumed. *Moore,* 133 Ill. 2d at 339, 549 N.E.2d at 1261.

Nevertheless, the State argues we should *not* presume prejudice in this case because defendant *pleaded guilty* pursuant to a negotiated plea agreement. The State claims a defendant who pleads guilty does not have an automatic right to appeal like a defendant convicted by a bench or jury. Therefore, the State argues, defendant should have to allege how he was prejudiced and specify in his postconviction petition what issues he would have raised had his attorney filed a motion to withdraw his guilty plea.

The State cites *People v. Wendt,* 283 Ill. App. 3d 947, 670 N.E.2d 1230 (1996), a second district case, in support of its argument. In *Wendt,* the defendant pleaded guilty to second-degree murder and aggravated battery and was sentenced according to the plea agreement. The defendant filed a *pro se* postconviction petition, alleging his attorney failed to perfect his appeal by not filing a requested motion to reduce sentence. The trial court dismissed the petition as frivolous and patently without merit and the appellate court affirmed the dis-

missal. The appellate court held the defendant had failed to allege how he had been prejudiced by his counsel's failure to perfect his appeal. The court held *Wilk* was still good law and distinguishable from *Moore*:

> "The obvious distinction between *Wilk* and *Moore* is that the former applies to defendants who seek to appeal following guilty plea proceedings while the latter applies to those convicted following a trial, as was the case in *Moore*. The reason for such a distinction is also readily apparent: a defendant who pleads guilty simply does not have the same right to an automatic appeal as a defendant convicted after trial [citation]. This distinction is embodied in Rule 604(d), which requires a defendant who seeks to appeal from a conviction following a guilty plea first to file a motion in the trial court that 'shall state the grounds therefor.' [Citation.]" *Wendt*, 283 Ill. App. 3d at 956, 670 N.E.2d at 1237.

*Wendt* further held:

> "It would be anomalous to hold that a defendant whose counsel fails to comply with the post-plea motion requirement is in a better position than one whose attorney scrupulously follows the rules. A defendant who files a Rule 604(d) motion to withdraw his plea or reconsider his sentence must allege grounds for such a motion. [Citation.] *** We think that *Wilk* is still good law and mandates that a defendant who pleads guilty and alleges the loss of his appeal rights because counsel failed to file a motion to reconsider the sentence must specify what issues he would have raised had such a motion been filed." *Wendt*, 283 Ill. App. 3d at 957, 670 N.E.2d at 1237.

Other decisions since *Moore* have not made the distinction between defendants who have pleaded guilty and those who have been convicted by trial. In *People v. Swanson*, 276 Ill. App. 3d 130, 132-33, 657 N.E.2d 1169, 1171 (1995) (second district), *People v. Cole*, 287 Ill. App. 3d 147, 149-50, 678 N.E.2d 78, 80 (1997) (first district), and *People v. Anderson*, 287 Ill. App. 3d 1023, 1031-32, 680 N.E.2d 399, 405 (1997) (first district), each defendant pled guilty pursuant to a plea agreement, then filed a *pro se* petition for postconviction relief, alleging he was deprived of effective assistance of counsel because his attorney failed to perfect his appeal. In each case, the appellate court held that prejudice was presumed and defendant only needed to allege he communicated to counsel a desire to appeal in order to state a claim for ineffective counsel. In *People v. Thomas*, 292 Ill. App. 3d 891, 894, 686 N.E.2d 1196, 1198 (1997) (second district), the court also held prejudice was presumed even though defendant had pleaded guilty. Nevertheless, the court found prejudice was manifest and cited *Wendt*.

■ We agree with *Wendt* that prejudice should not be presumed for

a defendant who has pleaded guilty and agreed to a specific sentence. The rationale for presuming prejudice is obvious for defendants who have been convicted after trial, then deprived of their right to appeal due to no fault of their own. Defendants convicted after trial have an automatic right to an appeal. Ill. Const. 1970, art. VI, § 6. "A system of appeal as of right is established precisely to assure that only those who are validly convicted have their freedom drastically curtailed. A State may not extinguish this right because another right of the appellant—the right to effective assistance of counsel—has been violated." *Evitts v. Lucey*, 469 U.S. 387, 399-400, 83 L. Ed. 2d 821, 832, 105 S. Ct. 830, 838 (1985). Also, defendants convicted after trial should not be denied appellate counsel. Most defendants are not trained in the law and "may not even be aware of errors [that] occurred at trial. They would thus be deprived of their only chance to take an appeal even though they have never had the assistance of counsel in preparing one." *Rodriquez v. United States*, 395 U.S. 327, 330, 23 L. Ed. 2d 340, 344, 89 S. Ct. 1715, 1717 (1969). For a defendant convicted after trial, who has always professed innocence, the right to appeal insures due process and provides an important safety net to those who may have been wrongly convicted.

■ None of the rationales for presuming prejudice exist for a defendant that has pleaded guilty and agreed to a specific sentence. There is no automatic right to an appeal. Before the defendant may appeal, he must file a motion in the trial court and state *why* his plea should be withdrawn. 145 Ill. 2d R. 604(d). With certain exceptions, the defendant is "limited to structural challenges to the plea proceedings themselves, *i.e.*, whether the plea was entered voluntarily and intelligently based on competent advice from counsel." *Wendt*, 283 Ill. App. 3d at 957, 670 N.E.2d at 1237. A defendant does not need appellate counsel or legal expertise to allege his plea was involuntary or that he was tricked into pleading guilty. Neither does a defendant who has admitted guilt need a safety net to protect against a wrongful conviction.

We affirm the trial court's dismissal of defendant's postconviction petition. Under the Post-Conviction Hearing Act, defendant has the burden of showing a substantial violation of his constitutional rights occurred in the proceedings that resulted in his conviction. Defendant's petition failed to state a claim for ineffective assistance of counsel because it failed to allege how defendant was prejudiced or why his guilty plea should be withdrawn.

Affirmed.

McCULLOUGH and MYERSCOUGH, JJ., concur.