30 June 1999

NO. 4-98-0346

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from

Plaintiff-Appellee, ) Circuit Court of

v. ) Champaign County

DONALD EDWARDS, ) No. 97CF843

Defendant-Appellant. )

) Honorable

) Jeffrey B. Ford,

) Judge Presiding.

_________________________________________________________________

JUSTICE COOK delivered the opinion of the court:

In July 1997, the State charged defendant Donald Edwards with one count of unlawful possession of a controlled substance (720 ILCS 570/402(a)(2)(A) (West 1996)).  In October 1997, the State charged defendant with a second count, unlaw­ful posses­sion with intent to deliver a con­trolled substance (720 ILCS 570/401(c)(2) (West 1996)).  While a jury was present and ready to give defendant a jury trial, defendant announced he wanted to plead guilty.  In exchange for pleading guilty to count II, the State dropped count I and recommended no more than six years in the Department of Correc­tions (DOC).  Defendant was admonished of all his rights and gave up the right to a presen­

tence report.  The following exchange took place:

"THE COURT:  Then you understand if you go today you're giving up you[r] right to a presentence report, and the sentence will, if I support the agreement, be six years in the penitentiary and a fine of $500.00 plus court

costs.  You understand that?

DEFENDANT:  [Nods head up and down].

THE COURT:  Now is that what you want to do?

DEFENDANT:  Yeah.

THE COURT:  Are you sure?

DEFENDANT:  [Nods head up and down].

THE COURT:  All right.  And is this con­

sis­tent with your advice to and your under­

stand­ing of Mr. Edwards' wishes, Ms. Lenik?

MS. LENIK [(defense counsel)]:  It is."

Accordingly, defen­dant was sen­tenced to six years' imprisonment.

In February 1998, defendant filed a 
pro
 
se
 petition for postconviction relief.  Defendant alleged numer­ous consti­tu­tional violations, including that he received inef­fective assistance of counsel.   Defendant claimed his attorney refused to file a motion to withdraw his guilty plea to perfect defendant's appeal.  Defendant's petition stated:

"I requested to [attorney] Lenik to file an ap­peal, after the Judge [DeLaMar] ex

plained to me that I could do so.  [Attorney] Lenik stated in regard to the appeal, 
quote
 [
sic
] On what grounds? 
unquote
 [
sic
]  [Attor­

ney] Lenik had taken it or decided for her­

self not to file an appeal, in spite of my numer­ous request [
sic
] to.  She ([Attorney] Lenik) also be­came totally un­available in regard to the case in spite of the repeated calls by my wife on my behalf."

The petition also claimed his attorney failed to subpoena certain witnesses that he requested and she showed a lack of interest in his case.

The trial court denied defendant's petition as frivo­

lous and patently without merit.  The court stated:

"[I]t would appear that the Petitioner cannot just make the bare allegation that he re

quested counsel to file a motion to withdraw his plea.  The Petitioner must show preju­

dice."

Defendant appeals, arguing the trial court erroneously dismissed his postconviction petition.  Defendant argues the mere allega­

tion that his attorney refused to perfect his appeal was suffi­

cient to withstand dismissal and defendant did not have to show prejudice.   

The Post-Conviction Hearing Act (725 ILCS 5/122-1 
et
 
seq
. (West 1996)) pro­vides a remedy to a criminal defendant who claims that a substan­tial violation of his constitutional rights oc­curred in the proceed­ings that resulted in his conviction.  
People v. Brisbon
, 164 Ill. 2d 236, 242, 647 N.E.2d 935, 937 (1995).  In the first stage of postconviction proceed­ings, the defendant files a petition and the trial court deter­mines whether it is frivolous or patently without merit.  To survive dismissal at this stage, the peti­tion­er only needs to assert the gist of a consti­tu­tion­al claim.  
People v. Gaultney
, 174 Ill. 2d 410, 418, 675 N.E.2d 102, 106 (1996).  We use the 
de
 
novo
 stan­dard of review for the summary dismissal of a postconviction peti­tion.  
People v. Coleman
, 183 Ill. 2d 366, 387-88, 701 N.E.2d 1063, 1075 (1998).

To sustain a claim of ineffective counsel, defen­dant must show (1) his attorney's performance fell below an objective standard of reasonableness (
Strickland v. Washington
, 466 U.S. 668, 688, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984)), and (2) a reason­able proba­bility exists that defen­dant was preju­

diced by the deficient perfor­mance (
Strickland
, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068).  
In 
People v. Wilk
, 124 Ill. 2d 93, 108, 529 N.E.2d 218, 223 (1988), our supreme court held that both prongs of the 
Strickland
 are applied in a postconviction proceed­ing where a defendant alleges he has been de­prived of his right to appeal by counsel's failure to file a motion to withdraw a guilty plea.  
Wilk
 held the defen­dant still must show how he was 
preju­diced
 by his attorney's neglect.  
Wilk
, 124 Ill. 2d at 108, 529 N.E.2d at 223-24.  

However, in 
People v. Moore
, 133 Ill. 2d 331, 339, 549 N.E.2d 1257, 1261 (1990), the supreme court seemed to depart  from 
Wilk
.  In 
Moore
, the defen­dant was convicted after trial and his appeal was dismissed for want of prosecution due to his counsel's ne­glect (re­sulting in the attorney's suspen­sion). The court held that the preju­dice prong of the 
Strickland
 test is not re­quired where counsel failed to perfect defendant's appeal.    
"[A] criminal defen­dant must at some point be afforded the equiva­lent of direct review and an appel­late advo­cate; a court cannot deny a defendant an attorney-assisted appeal by examining the record and determin­ing that defendant would not have succeed­

ed on appeal in any event."  
Moore
, 133 Ill. 2d at 339, 549 N.E.2d at 1261.  Where a postconviction petition is used as a remedy for a lost right of appeal, preju­dice is pre­sumed.  
Moore
, 133 Ill. 2d at 339, 549 N.E.2d at 1261.

Nevertheless, the State argues we should 
not
 presume prejudice in this case because defendant 
pleaded
 
guilty
 pursu­ant to a negotiated plea agree­ment.  The State claims a defendant who pleads guilty does not have an automatic right to appeal like a defendant convicted by a bench or jury.  Therefore, the State argues, defendant should have to allege how he was prejudiced and specify in his postconviction petition what issues he would have raised had his attorney filed a motion to withdraw his guilty plea.

The State cites 
People v. Wendt
, 283 Ill. App. 3d 947, 670 N.E.2d 1230 (1996), a second district case, in support of its argu­ment.  In 
Wendt
, the defendant pleaded guilty to second-

degree murder and aggravated battery and was sentenced according to the plea agreement.  The defen­dant filed a 
pro
 
se
 postconviction peti­tion, alleging his attorney failed to perfect his appeal by not filing a requested motion to reduce sentence.  The trial court dismissed the petition as frivolous and patently without merit and the appellate court af­firmed the dismissal.  The appel­late court held the defen­dant had failed to allege how he had been prejudiced by his counsel's failure to perfect his appeal.  The court held 
Wilk
 was still good law and distin­guish­

able from 
Moore
:

"The obvious distinction between 
Wilk
 and 
Moore
 is that the former applies to de­

fen­dants who seek to appeal following guilty plea proceedings while the latter applies to those convicted following a trial, as was the case in 
Moore
.  The reason for such a dis­

tinc­tion is also readily apparent:  a defen­

dant who pleads guilty simply does not have the same right to an automatic appeal as a defen­dant convicted after trial [citation].  This dis­tinction is embodied in Rule 604(d), which requires a defendant who seeks to ap­

peal from a conviction following a guilty plea first to file a motion in the trial court that 'shall state the grounds there­

for.'[Citation.]"  
Wendt
, 283 Ill. App. 3d at 956, 670 N.E.2d at 1237.

Wendt
 further held:

"It would be anomalous to hold that a defen­dant whose counsel fails to comply with the post-plea motion requirement is in a better position than one whose attorney scru­

pulously follows the rules.  A defendant who files a Rule 604(d) motion to withdraw his plea or reconsider his sentence must allege grounds for such a motion. [Citation.] *** We think that 
Wilk
 is still good law and man­

dates that a defen­dant who pleads guilty and alleges the loss of his appeal rights because counsel failed to file a mo­tion to reconsider the sentence must specify what issues he would have raised had such a motion been filed."  
Wendt
, 283 Ill. App. 3d at 957, 670 N.E.2d at 1237.

Other decisions since 
Moore
 have not made the distinc­

tion between defendants who have pleaded guilty and those who have been convicted by trial.  In 
People v. Swanson
, 276 Ill. App. 3d 130, 132-33, 657 N.E.2d 1169, 1171 (1995) (second dis­

trict), 
People v. Cole
, 287 Ill. App. 3d 147, 149-50, 678 N.E.2d 78, 80 (1997) (first district), and 
People v. Anderson
, 287 Ill. App. 3d 1023, 1031-32, 680 N.E.2d 399, 405 (1997) (first dis­

trict), each defen­dant pled guilty pursuant to a plea agreement, then filed a 
pro
 
se
 petition for postconviction relief, alleging he was de­prived effec­tive assistance of counsel because his attor­ney failed to per­fect his appeal.  In each case, the appel­late court held that prejudice was presumed and defendant only needed to allege he communicated to counsel a desire to appeal in order to state a claim for ineffective counsel.  In 
People v. Thomas
, 292 Ill. App. 3d 891, 894, 686 N.E.2d 1196, 1198 (1997) (second dis­trict), the court also held preju­dice was pre­sumed even though defendant had pleaded guilty.  Never­the­less, the court found preju­dice was mani­fest and cited 
Wendt
.

We agree with 
Wendt
 that prejudice should not be presumed for a defendant who has pleaded guilty and agreed to a specific sentence.  The ratio­nale for presum­ing preju­dice is obvious for defen­dants who have been convicted after trial, then de­prived of their right to appeal due to no fault of their own.  Defen­dants con­victed after trial have an automatic right to an appeal.  Ill. Const. 1970, art. VI, §6.  "A system of appeal as of right is estab­lished precisely to assure that only those who are validly convicted have their freedom drasti­cally cur­tailed.  A State may not extinguish this right because another right of the appellant--the right to effective assis­tance of counsel--has been violat­ed."  
Evitts v. Lucey
, 469 U.S. 387, 399-400, 83 L. Ed. 2d 821, 832, 105 S. Ct. 830, 838 (1985).  Also, defen­dants con­vict­ed after trial should not be denied appellate counsel.  Most defen­dants are not trained in the law and "may not even be aware of errors [that] occurred at trial.  They would thus be deprived of their only chance to take an appeal even though they have never had the assistance of counsel in preparing one."  
Rodriquez v. United States
, 395 U.S. 327, 330, 23 L. Ed. 2d 340, 344, 89 S. Ct. 1715, 1717 (1969).  For a defen­dant con­vict­ed after trial, who has always pro­fessed inno­cence, the right to appeal insures due process and provides an important safety net to those who may have been wrongly convict­ed.

None of the rationales for presuming prejudice exist for a defen­dant that has pleaded guilty and agreed to a specific sen­tence.  There is no automatic right to an appeal.  Before the defendant may appeal, he must file a motion in the trial court and state 
why
 his plea should be withdrawn.  145 Ill. 2d R. 604(d).  With certain excep­tions, the defen­dant is "limit­ed to struc­tur­al challenges to the plea proceedings them­selves, 
i.e.
, whether the plea was entered voluntarily and intelligently based on competent advice from counsel."  
Wendt
, 283 Ill. App. 3d at 957, 670 N.E.2d at 1237.  A defendant does not need appellate counsel or legal expertise to allege his plea was involuntary or that he was tricked into pleading guilty.  Neither does a defen­

dant who has admitted guilt need a safety net to protect against a wrongful conviction.

We affirm the trial court's dismissal of defendant's postconviction petition.  Under the Post-Convic­tion Hearing Act, defen­dant has the burden of showing a sub­stan­tial viola­tion of his consti­tution­al rights oc­curred in the proceed­ings that resulted in his convic­tion.  Defendant's petition failed to state a claim for inef­fective assistance of counsel because it failed to allege how defendant was preju­diced or why his guilty plea should be with­drawn.  

Affirmed.   

McCULLOUGH and MYERSCOUGH, JJ., concur.