NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 200470-U

NO. 4-20-0470

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 28, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Coles County |
| LONNIE W. SOWELL, | ) | No. 19CF170 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | James R. Glenn, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Holder White and Steigmann concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Defendant's *pro se* postconviction claim set forth an arguable claim of ineffective assistance of counsel and the trial court erred by dismissing his petition at the first stage of postconviction proceedings.

¶ 2     Defendant, Lonnie W. Sowell, appeals the trial court's first-stage dismissal of his *pro se* postconviction petition. He argues the court erred because his petition contained arguable claims that the attorney who represented him during guilty plea proceedings provided ineffective assistance. We reverse the court's judgment and remand for further proceedings.

¶ 3                              I. BACKGROUND

¶ 4     In April 2019, the State charged defendant with unlawfully possessing with the intent to deliver between 15 to 100 grams of a substance containing methamphetamine (720 ILCS 646/55(a)(2)(C) (West 2018)), a Class X felony. Due to a prior conviction, defendant faced

sentencing "for a [prison] term up to twice the maximum term otherwise authorized," *i.e.*, a sentencing range of 6 to 60 years' imprisonment. *Id.* § 100(a).

¶ 5        The record reflects the charge was based on allegations that the police executed a search warrant on an apartment in Mattoon, Illinois, and located multiple plastic baggies with substances that field-tested positive for methamphetamine and had a total weight of 17.7 grams. During the search of the apartment, the police came into contact with defendant, who later admitted ownership of the methamphetamine that was discovered. Defendant stated he sold the drug for profit.

¶ 6        Initially, defendant pleaded not guilty and requested a jury trial. On August 26, 2019, a pretrial hearing was conducted in the case, during which the State asserted it was "still awaiting labs," and the trial court set the matter for a further pretrial hearing. On August 29, 2019, defendant appeared in court and, pursuant to a fully negotiated plea agreement with the State, pleaded guilty to the charged offense. Consistent with the parties' agreement, the court sentenced defendant to eight years in prison. The court also admonished defendant that he had the right to appeal but, before he could appeal, he had to file a written motion within 30 days asking the court to allow him to withdraw his guilty plea and vacate the judgment.

¶ 7        On September 23, 2019, defendant filed a *pro se* notice of appeal. However, this court later dismissed that appeal on defendant's motion, which asserted that dismissal was required because defendant did not file a timely post-plea motion.

¶ 8        On August 25, 2020, defendant filed a *pro se* postconviction petition alleging, in part, that his plea counsel, attorney Anthony Ortega, provided ineffective assistance. Defendant asserted several bases of alleged ineffectiveness, including the following:

"On or around August 2019[,] my defense counsel failed to comply with my request

- 2 -

to file a motion to withdraw my plea. As a result[,] my right to a direct [a]ppeal was denied because [of] the fail[ure] of my [a]ttorney. I would like to remedy this violation by being allowed to go forward with a motion to withdraw my plea and be appointed new counsel."

Relevant to this appeal, defendant also alleged Ortega should have "challenged the charge" against him, asserting laboratory testing ultimately showed that the official weight of the controlled substance at issue was 13.6 grams and, thus, under the minimum amount necessary to sustain a conviction for the charged offense.

¶ 9        In his *pro se* petition, defendant indicated he was attaching his "conviction history" to his petition. In the appellate record, immediately following defendant's *pro se* petition were (1) the search warrant and complaint for a search warrant that led to the charged offense; (2) an Illinois State Police laboratory report, dated September 19, 2019, indicating substances tested in connection with defendant's case were methamphetamine and that they had a total weight of 13.6 grams; and (3) documents pertaining to defendant's criminal history.

¶ 10        On August 28, 2020, the trial court entered a written order in the case, dismissing defendant's *pro se* postconviction petition on the basis that it was frivolous or patently without merit. Initially, the court found defendant's claim that Ortega ignored or refused his request to file a motion to withdraw his guilty plea was contradicted by defendant's *pro se* filing "of a notice of appeal within 30 days of the imposition of sentence, rather than a motion to withdraw the plea[.]" The court also concluded as follows:

"Defendant claims that [Ortega] should have challenged the State's charge that [d]efendant possessed with the intent to deliver 15 grams or more of methamphetamine, which is a Class X felony, since the laboratory report confirms

- 3 -

only 13.6 grams of the controlled substance, but does not allege a reasonable probability that the result of the proceeding would have been different had [d]efendant been charged with possessing with the intent to deliver less than 15 grams, which is a Class 1 felony. The sentencing range for a Class X felony is 6 to 30 years. The range for a Class 1 felony is 4 to 15 years. Defendant's sentence was 8 years."

¶ 11 This appeal followed.

¶ 12                                    II. ANALYSIS

¶ 13 On appeal, defendant argues the trial court erred by summarily dismissing his postconviction petition at the first stage of postconviction proceedings. He contends he presented arguable claims that Ortega provided ineffective assistance by (1) failing to file a motion to withdraw his guilty plea, which effectively denied defendant the right to a direct appeal, and (2) advising him to plead guilty before laboratory testing had been completed in the case.

¶ 14                              A. Standard of Review

¶ 15 The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)) "provides a method for an individual, subject to a criminal sentence, to challenge a conviction by alleging it was the result of a substantial denial of federal or state constitutional rights or both." *People v. Lesley*, 2018 IL 122100, ¶ 31, 123 N.E.3d 1060. It sets forth a three-stage process for the adjudication of postconviction petitions. *Id.* "At the first stage, the circuit court must independently review the postconviction petition, without input from the State, and determine whether it is 'frivolous or is patently without merit.' " *People v. Johnson*, 2018 IL 122227, ¶ 14, 123 N.E.3d 1083 (quoting 725 ILCS 5/122-2.1(a)(2) (West 2010)). "A petitioner need present only a limited amount of detail and is not required to include legal argument or citation to legal

authority." *People v. Brown*, 236 Ill. 2d 175, 184, 923 N.E.2d 748, 754 (2010). "Thus, a *pro se* petitioner is not required to allege facts supporting all elements of a constitutional claim to survive summary dismissal." *Id.* at 188. Further, "[a]ll well-pleaded facts must be taken as true unless positively rebutted by the trial record." (Internal quotation marks omitted.) *Id.* at 189.

¶ 16    "To be summarily dismissed at the first stage as frivolous or patently without merit, the petition must have no arguable basis either in law or in fact, relying instead on an indisputably meritless legal theory or a fanciful factual allegation." (Internal quotation marks omitted.) *People v. Boykins*, 2017 IL 121365, ¶ 9, 93 N.E.3d 504. "Meritless legal theories include those theories that are completely contradicted by the record." *Id.* This court reviews the summary dismissal of a postconviction petition *de novo*. *Id.*

¶ 17    Additionally, a claim of ineffective assistance of counsel is governed by the standard set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Hodges*, 234 Ill. 2d 1, 17, 912 N.E.2d 1204, 1212 (2009). That standard requires a defendant to "show both that counsel's performance 'fell below an objective standard of reasonableness' and that the deficient performance prejudiced the defense." *Id.* (quoting *Strickland*, 466 U.S. at 687-88). "At the first stage of postconviction proceedings under the Act, a petition alleging ineffective assistance may not be summarily dismissed if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *Id.* Further, where a petition contains an issue with an arguable basis in law or fact, the entire petition must be docketed for further proceedings under the Act. See *People v. Rivera*, 198 Ill. 2d 364, 370-74, 763 N.E.2d 306, 309-12 (2001) (holding "the Act does not allow for partial summary dismissals").

¶ 18    B. Failure to File a Motion to Withdraw Guilty Plea

- 5 -

¶ 19        As indicated, defendant initially contends Ortega was ineffective for failing to file a motion to withdraw his guilty plea after defendant requested that Ortega do so. He argues Ortega's failure deprived him of his right to a direct appeal.

¶ 20        Following a negotiated guilty plea, the filing of a motion to withdraw the plea and vacate the judgment is a prerequisite to appealing either a defendant's conviction or sentence. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). " '[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal.' " *People v. Ross*, 229 Ill. 2d 255, 261, 891 N.E.2d 865, 869 (2008) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000)). Under *Strickland*'s performance prong, "it is professionally unreasonable to disregard specific instructions from the defendant to file a notice of appeal." *Id.* "Regarding prejudice, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient representation, the defendant would have appealed." *Id.* at 262. "Stated differently, prejudice may be presumed when defense counsel's ineffectiveness rendered appellate proceedings nonexistent, essentially denying the defendant's right to appeal." *Id.*

¶ 21        To support his claim of error in this case, defendant relies on the supreme court's decision in *People v. Edwards*, 197 Ill. 2d 239, 757 N.E.2d 442 (2001). There, the defendant pleaded guilty to a drug-related offense and was sentenced to six years in prison. *Id.* at 241. He filed no postplea motion but later filed a *pro se* postconviction petition alleging his defense counsel was ineffective for failing to "file an appeal" despite the defendant's requests that counsel take such action. *Id.* at 242. The trial court dismissed the defendant's petition as frivolous or patently without merit, finding the defendant failed to set forth any grounds for the withdrawal of his guilty plea and could not show prejudice. *Id.*

¶ 22    On review before the supreme court, the defendant argued his postconviction petition should not have been dismissed at the first stage of postconviction proceedings because it raised "a nonfrivolous claim that his trial counsel was constitutionally ineffective for failing to file a motion to withdraw his guilty plea and appeal." *Id.* at 247. The supreme court agreed and reversed the trial court's judgment. *Id.* at 257. It stated that for purposes of deciding whether the defendant's *pro se* postconviction petition was frivolous, it had to take as true the defendant's allegations that he repeatedly asked his attorney to file an appeal, but she neglected to do so. *Id.* at 253. Additionally, the court noted there was "nothing of record to establish that [the] defendant's trial counsel ever reviewed the plea proceedings for error before deciding not to pursue an appeal[.]" *Id.* at 257. Finally, it found it went against Supreme Court precedent, including *Flores-Ortega*, to require a *pro se* defendant "to provide grounds for withdrawing his guilty plea and his appeal." *Id.* The court explicitly limited its holding to first-stage dismissals and further stated as follows:

> "Whether, in the circumstances of this case, defense counsel's decision not to file a motion to withdraw the guilty plea constitutes ineffective assistance of counsel requires the appointment of an attorney who will be able to consult with [the] defendant regarding his claim and explore in more detail the factual and legal ramifications of [the] defendant's claim. At this juncture, it would be inappropriate to conclude that [the] defendant's claim of ineffective assistance of counsel is so completely lacking in substance that it is frivolous or patently without merit." *Id.*

¶ 23    We agree with defendant that *Edwards* is similar to the present case and controlling. Defendant alleged that "around August 2019," Ortega "failed to comply with [his] request to file a motion to withdraw [his] plea" and, as a result, he was denied his right to a direct appeal. That defendant made such a request is not positively rebutted by the record and must be taken as true.

We note the trial court found defendant's claim was contradicted by his later filing of a *pro se* notice of appeal; however, the court did not explain why such action would necessarily be contradictory, and we find defendant's ultimate filing of a *pro se* notice of appeal does not positively rebut his assertion that he previously asked his attorney to file a motion to withdraw his guilty plea on his behalf and his counsel "failed to comply with [his] request." Finally, like in *Edwards*, nothing on the record in this case establishes that Ortega reviewed the plea proceedings for error before deciding not to proceed as defendant requested.

¶ 24        On appeal, the State first argues the trial court's dismissal of defendant's postconviction petition may be upheld on the basis that defendant failed to attach necessary materials to his petition or explain their absence. It notes "[t]he record is silent as to the details of the advice [Ortega] gave defendant regarding withdrawing his guilty plea or the details advising defendant to plea[d] guilty in the first place."

¶ 25        "The *** Act requires both a verification affidavit and supporting evidence to be attached to the petition." *People v. Allen*, 2015 IL 113135, ¶ 26, 32 N.E.3d 615 (citing 725 ILCS 5/122-1(b), 122-2 (West 2008)). Specifically, section 122-2 of the Act states that "[t]he petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2 (West 2018). Noncompliance with section 122-2 "is fatal to a post-conviction petition [citation] and by itself justifies the petition's summary dismissal [citations]." (Internal quotation marks omitted.) *People v. Collins*, 202 Ill. 2d 59, 66, 782 N.E.2d 195, 198 (2002). However, the "[f]ailure to attach independent corroborating documentation or explain its absence may *** be excused where the petition contains facts sufficient to infer that the only affidavit the defendant could have furnished, other than his own sworn statement, was that of his attorney." *People v. Hall*, 217 Ill. 2d 324, 333, 841 N.E.2d 913,

919 (2005) (citing *Collins*, 202 Ill. 2d at 68; and *People v. Williams*, 47 Ill. 2d 1, 4, 264 N.E.2d 697, 698 (1970)).

¶ 26        Here, defendant's *pro se* postconviction petition raised several claims of error, and the record indicates defendant attached various documents to his petition in support of his claims. Although none of the attachments pertain specifically to his claim that Ortega failed to file a motion to withdraw his guilty plea as he requested, the facts defendant alleged support an inference that the only affidavit he could have furnished to support his claim, aside from his own, was that of Ortega, his attorney. Accordingly, we reject the State's contention that the trial court's summary dismissal of defendant's petition should be affirmed based on defendant's failure to comply with section 122-2 of the Act.

¶ 27        The State also argues that defendant failed to establish prejudice from his counsel's alleged deficient performance, *i.e.*, a reasonable probability that he would have been able to withdraw his guilty plea or that a different prison sentence was warranted by the circumstances. However, in *Edwards*, the supreme court rejected a similar claim by the State and determined as follows:

> "Indeed, adopting the State's position, which would place a burden upon the *pro se* defendant to recognize both legal and factual errors in the plea process in order to survive summary dismissal on post-conviction, would inevitably result in certain defendants being improperly denied *any* meaningful review of plea proceedings, despite the constitutional right to a direct appeal [citation]. *** Based upon the State's reasoning, the post-conviction circuit court must dismiss the petition as frivolous and patently without merit because no grounds for filing the Rule 604(d) motion are set forth. Thus, even though the circuit court has no assurance that an

attorney has ever reviewed the plea proceedings for error, and even though, despite

the defendant's request, no appellate review of any kind has occurred, the

defendant's petition is given no further consideration. This result is unacceptable."

(Emphasis in original.) *Edwards*, 197 Ill. 2d at 254-55.

Notably, although defendant in this case relies heavily on *Edwards*, the State does not address the

holdings in that case or attempt to distinguish it from the case at bar.

¶ 28          Under the circumstances presented, we find defendant's *pro se* postconviction

petition presented an arguable claim of ineffective assistance of counsel based on allegations that

Ortega failed to file a postplea motion as defendant requested, thereby denying defendant of his

right to a direct appeal. The trial court erred by dismissing defendant's petition as frivolous or

patently without merit, and the matter must be remanded for further proceedings.

¶ 29                         C. Advising Defendant to Plead Guilty

¶ 30          Defendant also argues his *pro se* postconviction petition presented at least an

arguable claim that Ortega was ineffective for advising him to plead guilty. However, as noted,

the Act does not permit partial summary dismissals of a postconviction petition, and when a

petition contains at least one issue with an arguable basis in law or fact, the entire petition must be

docketed for further proceedings. *Rivera*, 198 Ill. 2d at 370-74. Given our determination that

defendant's petition presented an arguable claim of ineffective assistance of counsel, we find it

unnecessary to address his remaining claim, which seeks the same relief. See *People v. Niffen*,

2018 IL App (4th) 150881, ¶ 25, 115 N.E.3d 1140 ("Because the Act does not permit the partial

summary dismissal of a postconviction petition, we need not address defendant's additional

claim.").

¶ 31                                III. CONCLUSION

- 10 -

¶ 32　　　　　　For the reasons stated, we reverse the trial court's judgment and remand for further proceedings.

¶ 33　　　　　　Reversed and remanded.