NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 230104-U

NO. 4-23-0104

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 23, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THOMAS POWERS, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Schuyler County |
| KIMBERLY WEITL, | ) | No. 19L8 |
| Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | Mark Vincent, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Turner and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court dismissed plaintiff's appeal where his notice of appeal did not
vest the appellate court with jurisdiction to consider the arguments raised in his
brief.

¶ 2    Plaintiff, Thomas Powers, a resident of the Illinois Department of Human
Services Treatment and Detention Facility in Rushville (Rushville), filed a complaint against
defendants, Kimberly Weitl and John Arroyo, relating to their psychological evaluations of
plaintiff. The trial court granted Arroyo's motion to dismiss and, in the same order, *sua sponte*
dismissed plaintiff's complaint with prejudice as to Weitl. Plaintiff filed a motion to reconsider.
When plaintiff did not appear for the scheduled hearing, the court dismissed the case for want of
prosecution. Plaintiff appeals, requesting the reinstatement of his case for further proceedings.
For the following reasons, we dismiss the appeal for lack of jurisdiction.

¶ 3                                    I. BACKGROUND

¶ 4        Plaintiff has been a resident of Rushville since June 2012 pending proceedings under the Sexually Violent Persons Commitment Act (725 ILCS 207/1 *et seq.* (West 2012)). During this time, plaintiff has filed numerous complaints in federal and state court. In December 2019, plaintiff filed a complaint against Weitl and Arroyo, two psychologists hired by the attorney general to conduct psychological evaluations of plaintiff. Plaintiff's complaint alleged medical malpractice, fraudulent misrepresentation, civil conspiracy, and "departure of professional judgment." Plaintiff alleged, *inter alia*, suffering "great emotional distress due to erroneously being labeled with a fake diagnosis with no apparent treatment" and being "deprived of the comforts, companionship and affection attendant to living as a free man with his family."

¶ 5        In January 2021, Arroyo filed a combined motion to dismiss plaintiff's complaint (735 ILCS 5/2-619.1 (West 2020)). In March 2022, the trial court granted the motion and, in the same order, *sua sponte* dismissed plaintiff's complaint with prejudice as to Weitl. In April 2022, plaintiff filed a motion to reconsider, taking issue with the propriety of the court's *sua sponte* dismissal of his complaint as to a nonmoving defendant. In May and June 2022, plaintiff requested a hearing on this motion, first by a letter to the clerk of the circuit court of Schuyler County and second by a formal motion. On July 18, 2022, plaintiff filed a "Motion for Default," asserting Weitl had not yet responded to his motion to reconsider and, therefore, had "defaulted." The following day, the court scheduled a hearing on "all pending motions" for August 9, 2022. On August 9, 2022, the court scheduled a hearing on "plaintiff's pending motion" (singular, though not specifying which) for September 13, 2022. On August 12, 2022, plaintiff filed both another "Motion for Default" and a "Motion to Appoint Counsel." Our review of the record does not uncover any hearing that may have occurred, or order entered, on September 13, 2022. On September 27, 2022, the court scheduled a hearing on "all pending motions" (plural) for

November 15, 2022. Plaintiff did not appear for the November 15, 2022, hearing, and the court dismissed the case for want of prosecution. This is reflected in an order "entered" on November 29, 2022, *nunc pro tunc* to November 15, 2022, and stamped December 2, 2022. Plaintiff filed a "Motion to Reinstate Matter" on December 22, 2022, which he asserts in his notice of appeal the court denied on January 24, 2023, though no such order appears in the record on appeal. Indeed, our review of the record suggests no such order was ever entered in this case.

¶ 6        This appeal followed.

¶ 7                                    II. ANALYSIS

¶ 8        On appeal, plaintiff argues the trial court erred when it "refused to writ" him to court for the hearing where his case was dismissed for want of prosecution. Plaintiff requests the reinstatement of his case for further proceedings. (We note no appellee brief was filed in this appeal). We dismiss the appeal for lack of jurisdiction due to plaintiff's defective notice of appeal.

¶ 9                          A. Plaintiff's Notice of Appeal

¶ 10        Before addressing plaintiff's arguments, we must consider whether we have jurisdiction over the instant appeal, as "[a] reviewing court has an independent duty to consider issues of jurisdiction, regardless of whether either party has raised them." *People v. Smith*, 228 Ill. 2d 95, 104, 885 N.E.2d 1053, 1058 (2008). Plaintiff's notice of appeal requires us to undertake this threshold inquiry. Illinois Supreme Court Rule 303(b)(2) (eff. July 1, 2017) requires a notice of appeal to "specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court." "[A] notice of appeal confers jurisdiction on a court of review to consider only the judgments or parts thereof specified in the notice of appeal." *Smith*, 228 Ill. 2d at 104. "Where the deficiency in notice is one of form, rather than substance,

- 3 -

and the appellee is not prejudiced, the failure to comply strictly with the form of the notice is not fatal." (Internal quotation marks omitted.) *Smith*, 228 Ill. 2d at 105. Here, plaintiff's notice of appeal only specifies the purported January 24, 2023, denial of his "Motion to Reinstate" and not the failure to be writ for the hearing on November 15, 2022, at which the trial court dismissed the underlying case for want of prosecution. Having not mentioned the failure to be writ for the November 15, 2022, hearing at all, plaintiff's notice of appeal reflects a substantive defect fatal to the jurisdiction of this court to consider that issue. As plaintiff confines his brief solely to that issue, we cannot consider his arguments. See, *e.g.*, *People v. Niffen*, 2018 IL App (4th) 150881, ¶ 29, 115 N.E.3d 1140 (citing *Smith* in holding, "[b]ecause the violent crimes victims assessment and the retention of defendant's bond money are extraneous to the summary dismissal order, which defendant specified in his notice of appeal, we lack subject-matter jurisdiction to consider those issues"). Moreover, this purported January 24, 2023, order is not even in the record on appeal, and "[a] notice of appeal's reference to a judgment not otherwise shown of record [is] insufficient to avoid dismissal of the appeal." *Heavey v. Ehret*, 166 Ill. App. 3d 347, 350, 519 N.E.2d 996, 998 (1988).

¶ 11        B. Compliance with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020)

¶ 12        Even assuming, *arguendo*, this court had jurisdiction to consider plaintiff's arguments, we would still strike his brief and dismiss the appeal for his failure to comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020). See *Minor v. Department of Employment Security*, 2022 IL App (1st) 220262-U, ¶¶ 9-11, 14-16 (assessing the jurisdictional deficiency of the notice of appeal and the deficiency of the brief under Rule 341(h)(7) as separate bases for dismissing the appeal); see also *Harris v. Department of Employment Security*, 2022 IL App (1st) 220405-U, ¶¶ 14-17, 20-22 (same). "Rule 341 represents our supreme court's considered

- 4 -

opinion of the format that best facilitates the clear and orderly presentation of arguments." *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 15, 969 N.E.2d 930. "[T]he procedural rules governing the content and form of appellate briefs are mandatory and not suggestions. [Citation.] Further, self-represented litigants are not excused from following these rules." *Litwin v. County of La Salle*, 2021 IL App (3d) 200410, ¶ 3, 193 N.E.3d 361.

¶ 13　　　　First, Rule 341(h)(3) requires an appellant's brief to contain "a concise statement of the applicable standard of review for each issue, with citation to authority, either in the discussion of the issue in the argument or under a separate heading placed before the discussion in the argument." Ill. S. Ct. R. 341(h)(3) (eff. Oct. 1, 2020). While plaintiff entitles one section of his brief "Standard of Review," he does not specify what the standard of review would be in this case. Plaintiff also does not do so in the "Argument" section of his brief.

¶ 14　　　　Second, Rule 341(h)(4)(ii) requires an appellant's brief to contain:

> "a brief, but precise statement or explanation under the heading
> 'Jurisdiction' of the basis for appeal including the supreme court rule or
> other law which confers jurisdiction upon the reviewing court; the facts of
> the case which bring it within this rule or other law; and the date that the
> order being appealed was entered and any other facts which are necessary
> to demonstrate that the appeal is timely." Ill. S. Ct. R. 341(h)(4)(ii) (eff.
> Oct. 1, 2020).

Here, while plaintiff's brief contains a section entitled "Jurisdictional Statement," it consists only of the following: "This appeal from Schuyler County was filed on February 6, 2023 after appellant filed a notice of appeal timely on the circuit court decision to dismiss the complaint." Plaintiff does not specify anything which would confer this court with jurisdiction

over his appeal. He does not specify in his brief the date of the order being appealed. Plaintiff also does not present any other facts demonstrating the timeliness of his appeal. Accordingly, plaintiff does not satisfy any of the requirements of Rule 341(h)(4)(ii).

¶ 15     The most significant deficiencies in plaintiff's brief pertain to Rule 341(h)(7), which requires his brief contain an "Argument" section comprised of "the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). While plaintiff's brief includes a section entitled "Argument," that section does not cite any authority in support of having his case reinstated for not having been writ to appear in court. Indeed, the only case plaintiff cites is one of his own ("*Powers v. Scott et al.*, 19-LM-23") and he cites it solely to explain how he learned, during a December 13, 2022, hearing in that case, that the instant case was dismissed for want of prosecution on an earlier date.

¶ 16     "Failure to comply with the rules regarding appellate briefs is not an inconsequential matter. [Citation.] The purpose of the rules is to require parties before a reviewing court to present clear and orderly arguments so that the court can properly ascertain and dispose of the issues involved." *Hall*, 2012 IL App (2d) 111151, ¶ 7. "When an appellant's brief fails to comply with the requirements of Rule 341, this court has the discretion to strike the brief and dismiss the appeal," since "[w]e will not search the record for the purpose of finding error where an appellant has made no good-faith effort to comply with the supreme court rules governing the contents of briefs." *Litwin*, 2021 IL App (3d) 200410, ¶ 11. Indeed, "where the brief contains no standards of review, and where, most important, plaintiff's arguments are conclusory and not supported by any authority, we have no choice but to strike the brief and dismiss the appeal." *Hall*, 2012 IL App (2d) 111151, ¶ 15.

¶ 17                             III. CONCLUSION

¶ 18        For the reasons stated, we dismiss the appeal for lack of jurisdiction.

¶ 19        Appeal dismissed.